IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

2005 MAR 16 A 11: 07

U.S. DIST COURT
TEXAS

| | |
|---|---|
| ALBERTO DIAZ, MARY FRANCES MIKA, ALLAN J. MIKA, DEBORAH MIKA, ANNETTE JANE MIKA, CYNTHIA A. MIKA, SHARON MIKA GRIFFITH, BARBARA MIKA BANDUCH, LAURA A. MIKA, LINDA MIKA NEWBY, DARLENE LABUS REAL, Individually and as Representative of the Estate of Rosie Labus, Deceased; HERMINIA GONZALES, Individually and as Representative of the Estate of Fred Gonzales, Deceased, ERIK GONZALES, LIZ LILLIAN GONZALES PAMPA, EARL GONZALES, FRED GONZALES III, SUANN YAHNATHAN GONZALES; BLAS LONGORIA, Individually and as Representative of the Estate of Ester Longoria, Deceased, GEORGE LONGORIA; GRACE M. JASSO, Individually and as Representative Of the Estate of Roel Jose Jasso, Deceased, and Individually and as Next Friend of her minor daughter, CASTABELA M. JASSO and FELIPE CRUZ | § § § § § § § § § § § § § § § § § § § § § § § § |
| VS. | § § |
| RIO GRANDE RESOURCES CORPORATION; EVEREST MINERALS CORPORATION; CONOCO, INC.; PIONEER CORPORATION; PIONEER NUCLEAR, INC.; CHEVRON U.S.A., INC.; SUSQUEHANNA WESTERN MINING COMPANY; SUSQUEHANNA-WESTERN, INC.; CONQUISTA PROJECT CORPORATION D/B/A TEXAS CORPORATION; | § § § § § § § § § § § § |

SA05CA0209

C.A. NO. _____

D/B/A TEXAS CORPORATION;                         §
EXXON MOBIL CORPORATION F/K/A                    §
EXXON CORPORATION; AVENTIS CROP                  §
SCIENCE USA, INC., SUCCESSOR TO                  §
RHONE-POULENE, INC. AND RHONE-                   §
POULENE AG COMPANY, INC.; HONEY-                 §
WELL INTERNATIONAL, INC. F/K/A                   §
ALLIED SIGNAL, INC.; RHODIA                      §
ELECTRONICS AND CATALYSIS, INC.                  §
F/K/A RHODIA RARE EARTHS, INC.;                  §
EVEREST EXPLORATION, INC.; IEC                   §
CORPORATION; IEC CORPORATION                     §
F/K/A INSTRUMENT ENGINEERING                     §
COMPANY; COGEMA MINING, INC.                     §
F/K/A TENNECO URANIUM, INC.; AND                 §
VIACOM, INC., SUCCESSOR BY                       §
MERGER TO CBS CORPORATION                        §
F/K/A WESTINGHOUSE ELECTRIC                      §
CORPORATION                                      §

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, **ALBERTO DIAZ, MARY FRANCES MIKA, as Representative of the Estate of Sixtus J. Mika, Deceased, ALLAN J. MIKA, DEBORAH MIKA, ANNETTE JANE MIKA, CYNTHIA A. MIKA, SHARON MIKA GRIFFITH, BARBARA MIKA BANDUCH, LAURA A. MIKA, LINDA MIKA NEWBY, DARLENE LABUS REAL, Individually and as Representative of the Estate of Rosie Labus, Deceased; HERMINIA GONZALES, Individually and as Representative of the Estate of** Fred Gonzales, Deceased, **ERIK GONZALES, LIZ LILLIAN GONZALES PAMPA, EARL GONZALES, FRED GONZALES III, SUANN YAHNATHAN GONZALES; BLAS LONGORIA, Individually and as Representative of the Estate of Ester Longoria, Deceased, GEORGE LONGORIA; GRACE M. JASSO, Individually and as Representative Of the Estate of Roel Jose Jasso, Deceased, and Individually and as Next Friend of her minor daughter, CASTABELA M. JASSO and FELIPE CRUZ ,** Plaintiffs, complaining of **RIO GRANDE RESOURCES CORPORATION; EVEREST**

2

**MINERALS CORPORATION; CONOCO, INC.; PIONEER CORPORATION; PIONEER NUCLEAR, INC.; CHEVRON U.S.A., INC.; SUSQUEHANNA WESTERN MINING COMPANY; SUSQUEHANNA-WESTERN, INC.; CONQUISTA PROJECT CORPORATION D/B/A TEXAS CORPORATION; EXXON MOBIL CORPORATION F/K/A EXXON CORPORATION; AVENTIS CROP SCIENCE USA, INC., SUCCESSOR TO   RHONE-POULENE, INC. AND RHONE-POULENE AG COMPANY, INC.; HONEY-WELL INTERNATIONAL, INC. F/K/A ALLIED SIGNAL, INC.; RHODIA ELECTRONICS AND CATALYSIS, INC.F/K/A RHODIA RARE EARTHS, INC.; EVEREST EXPLORATION, INC.; IEC CORPORATION; IEC CORPORATION   F/K/A INSTRUMENT ENGINEERING COMPANY; COGEMA MINING, INC. F/K/A TENNECO URANIUM, INC.; AND VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION,** Defendants, and for cause of action would respectfully show unto this Honorable Court and Jury the following:

## <u>JURISDICTION</u>

1.      This Court has jurisdiction over this action under federal question jurisdiction, 28 U.S.C. 1331, for violations of Chapter 23 of the Public Health and Welfare Code.

2.      Plaintiffs are residents of the Western District of Texas.

3.      Defendant, Rio Grande Resources Corporation is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in the State of Delaware.  Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201. American Heavy Lift Shipping Company, is a Delaware corporation doing business in the State of Texas, which may be served with process by forwarding same by certified mail, return receipt

3

requested, to Defendant's registered agent for service of process, C.T. Corporation Systems, 811 Dallas Avenue, Houston, Texas 77002.

4.  Defendant, Everest Minerals Corporation is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in the State of Texas, and may be served by serving its registered agent, Texas Agent Corporation, 210 S. Carancahua, Suite 500, Corpus Christi, Texas 78403

5.  Defendant, Conoco, Inc., is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in the State of Delaware.  Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process C.T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

6.  Defendant, Pioneer Corporation, is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in the State Of Texas.  Pioneer Corporation may be served by serving its registered agent, Jerry Hopson, 900 Pioneer Plaza, P.O. Box 511, Amarillo, Texas 79163.

7.  Defendant, Pioneer Nuclear, Inc., is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in the State of Texas.  Pioneer Nuclear, Inc., may be served by serving its registered agent, Jerry Hopson, 900 Pioneer Plaza, Amarillo, Texas 79163.

8.  Defendant, Chevron, U.S.A., Inc., is a corporation existing under the laws of the State of Pennsylvania and has its principal place of business in the State of Pennsylvania.  Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure,

4

Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701..

9.    Defendant, Susquehanna Western Mining Company, is a corporation doing business in the State of Texas and may be served by and through the Secretary of State, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.

10.    Defendant, Susquehanna-Western, Inc., is a corporation existing under the laws of the State of Wisconsin and may be served by and through the Secretary of State, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.

11.    Defendant, Conquista Project Corporation d/b/a Texas Conquista Project, Inc., is a corporation organized and existing under the laws of the State of Texas and has it principal place of business in the State of Texas.  Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, Carl R. Pipoly, 8610 N. New Braunfels, Suite 401, San Antonio, Texas

12.    Defendant, Conquista Project Corporation is a corporation organized and existing under the laws of the State of Texas and has it principal place of business in the State of Texas.  Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, James E. Van Blaricum, 1040 Ilgore, Pleasanton, Texas 78264.

13.    Defendant Exxon Mobil Corporation f/k/a Exxon Corporation is a corporation organized and existing under the laws of the State of New Jersey. Pursuant to Rule

5

4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, John F. Tully, 800 Bell Street, Houston, Texas 77002.

14.    Defendant, Aventis Crop Science USA, Inc., successor to Rhone-Poulenc, Inc., is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business in the State of Delaware. Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201..

15.    Defendant, Rhodia Electronics and Catalysis, Inc. f/k/a Rhodia Rare Earths, Inc., is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in New Jersey.  Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

16.    Defendant, Everest Exploration, Inc., is a corporation organized and existing under the laws of the State of Texas.  Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, Texas Agent Corporation, 210 South Carancahua, Suite 500, Corpus Christi, Texas 78403.

17.    Defendant, Allied Signal, Inc. n/k/a Honeywell International, Inc., is a corporation organized and existing under the laws of the State of Delaware.  Pursuant to Rule

4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

18. Defendant, IEC Corporation is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in New Jersey. Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

19. Defendant IEC Corporation f/k/a Instrument Engineering Company is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in Texas. Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, Beatrice McQueen, 3100 Longhorn Blvd., Austin, Texas 78759.

20. Defendant, Cogema Mining, Inc. f/k/a Tenneco Uranium, Inc., is a is a corporation organized and existing under the laws of the State of Delaware. Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

7

21.    Defendant, Viacom, Inc., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation is a corporation organized and existing under the laws of the State of Pennsylvania. Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

22.    Defendant United States Steel Corporation f/k/a USX Corporation is a corporation organized and existing under the laws of the State of Delaware. Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, Defendant may be served in accordance with Rule 108 of the Texas Rules of Civil Procedure by mailing to its Registered Agent for Service of Process, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

## FACTUAL BASIS OF CLAIMS

23.    Plaintiffs are residents or former residents of Karnes County, DeWitt County and Wilson County, Texas. Plaintiffs are cancer victims or persons claiming through and on behalf of these cancer victims. This suit arises out of the operations and activities of the Defendants in these counties with regard to uranium mining and milling, including but not limited to the generation, handling, transport, storage and/or disposal of radioactive hazardous waste, heavy metals and other hazardous, poisonous byproducts of the uranium mining and milling activities and the negligent reclamation and remediation activities of the Defendants. Plaintiffs would show as a result of these injurious activities, the ground water in these counties has become polluted and contaminated with radioactive particles, radioactive decay products, heavy metals and other

8

byproducts of uranium mining and milling operations and activities. Additionally, there is airborne pollution from these activities which includes but is not limited to toxins, heavy metals and radioactive particles which has resulted in the contamination of buildings, homes, livestock, vegetation, food and other materials and things that are necessary for daily living. As a result, the Plaintiffs have been exposed to radioactive decay products (including alpha particles, gamma rays, radon, radon daughters and other products of radioactive decay), radioactive dust, radioactive particles, heavy metals and other contamination caused by the uranium mining and milling activities as well as the hauling, handling, storage and/or disposal of radioactive wastes by coming in contact with contaminated materials, by drinking contaminated water, by breathing contaminated air, by eating contaminated food, by bathing and washing in contaminated water, by engaging in recreational activities in or near contaminated sites, and by working in or near contaminated sites.

24.    Defendants, Conoco, Inc., Conquista Project Corporation and Conquista Project Corporation d/b/a Texas Conquista Project, Inc., Pioneer Nuclear Corporation and Pioneer Corporation owned and/or operated uranium milling facilities and uranium mining facilities in Karnes County and Live Oak County, Texas. Such facilities were known as the Conquista Project. Plaintiffs would show that Conoco, Inc., Conquista Project Corporation and Conquista Project Corporation d/b/a Texas Conquista Project, Inc., Pioneer Nuclear Corporation and Pioneer Corporation d/b/a Texas Conquista Project, Inc., Pioneer Nuclear Corporation and Pioneer Corporation were partners and/or joint venturers and/or shared joint responsibility through their cooperative effort in the Conquista Project. Alternatively, the Conquista Project was a joint enterprise.

9

Plaintiffs would further show that the Defendant Aventis Crop Science USA, Inc., successor to Rhone-Poulenc, Inc. and Rhone-Poulenc Ag Company, Inc., IEC Corporation and Iec Corporation f/k/a Instrument Engineering Company, Cogema Mining, Inc. f/k/a Tenneco Uranium, Inc. and Viacom, Inc., successor to merger by CBS Corporation f/k/a Westinghouse Electric Corporation, dumped hazardous waste materials and industrial byproducts upon the properties and facilities known as the Conquista Project.

25.    Defendants, Chevron U.S.A., Inc., operated the Panna Maria Project and Jack Pump uranium area in Karnes County, Texas, and the Proust-McGriff uranium area in Live Oak County, Texas.  The operation of these facilities subsequently became the responsibility of Defendant, Rio Grande Resources Corporation.  Plaintiffs would further show that Defendant, Honeywell International, Inc. f/k/a Allied Signal, Inc. dumped hazardous waste materials and industrial byproducts upon the Chevron properties and facilities.

26.    Defendant, Exxon Mobil Corporation owned and operated the Feeder uranium operations site located in Live Oak County, Texas.

27.    Defendant Susquehanna Western Mining Company and Susquehanna-Western, Inc., owned and operated the Susquehanna Western Project.

28.    Defendant, Everest Exploration, Inc and Everest Minerals Corporation owned and/or operated the Hobson mine site located in Karnes County, Texas.

29.    Defendant United States Steel Corporation f/k/a USX Corporation, owned and operated uranium mining and milling facilities in Live Oak County, Texas, known as Texas Uranium Operations.

10

## CAUSES OF ACTION

### NEGLIGENCE

30.    The Defendants were negligent in numerous particulars, which were a proximate cause and cause-in-fact of injuries of which Plaintiffs complain.  Defendants' negligent acts include but are not limited to some or all of the following:

    a.  In failing to properly secure ponds, pools, pits and piles, and other mining, milling and waste facilities, and as a result, hazardous materials have leaked and seeped into the ground water;

    b.  In failing to control runoff of rainwater from their properties that contained uranium mining and milling byproducts, effluents and waste materials so that such runoff polluted surrounding areas, surface waters and subsequently ground waters;

    c.  In failing to control windblown and airborne contamination, including but not limited to waste materials, uranium ore, "yellow cake," stack emissions and other products, byproducts, effluents and waste material of uranium mining and milling operations;

    d.  In spilling ore, refined uranium and waste products from trucks and railroad trains;

    e.  In failing to institute proper procedures with regard to industrial hygiene and industrial safety with regard to the uranium mining and milling operations;

f.  In failing to enforce proper procedures with regard to industrial hygiene and industrial safety with regard to the uranium mining and milling operations;

g.  In holding open pits, ponds, pools and piles as safe areas for recreational activities;

h.  In permitting open pits, ponds and piles to be used as areas for recreational activities;

i.  In failing to properly design, construct and maintain monitor wells;

j.  In failing to properly dispose of waste materials, byproducts and effluents of the mining and milling process;

k.  In failing to protect ground water and surface water from mining and milling operations;

l.  In failing to properly monitor grounds water and surface water for contamination caused by uranium mining and milling operations;

m.  In failing to monitor for windblown and airborne contamination caused by uranium mining and milling operations;

n.  In permitting the negligent dumping of hazardous materials on their properties;

o.  In participating in the dumping of hazardous materials in a negligent manner;

p.  In permitting overflow from pits, ponds, pools, and piles to surrounding areas, ground water and surface water;

q.  In contaminating the ground water through *in situ* mining activities;

12

r.  In failing to warn of dangerous conditions on their premises that created an unreasonable risk of harm;

s.  In failing to warn of dangerous activities on their premises that created an unreasonable risk of harm;

t.  In failing to reduce, eliminate or abate the dangerous conditions on their premises that constituted an unreasonable risk of harm;

u.  In negligently spraying tailings, pond liquids and materials into the air;

v.  In using tailings, pond liquids and materials for crop irrigation purposes;

w.  In failing to properly secure hazardous materials during transportation;

x.  In failing to properly store hazardous waste materials;

y.  In causing contamination of livestock, poultry, vegetables, fruits and other food items'

z.  In failing to properly control and prevent the spread of radiation and radioactive materials;

aa. In failing to restrict public access to areas of radiation and high radiation;

bb. In failing to properly dispose of radioactive waste;

cc. In creating radioactive aerosol contaminants; and,

dd. In failing to adequately and properly monitor the aerosol contaminant created.

All of such acts of negligence outlined above, collectively or singularly, were the proximate cause of the injuries and damages in question and Plaintiffs' injuries and

13

damages. Furthermore, the activities maintained by Defendants were unduly dangerous and inappropriate in light of the character and surroundings of Karnes County, Live Oak County, Gonzales County, Atascosa County and Wilson County, Texas. Defendants knew or should have known that by maintaining such activities in these counties, Plaintiffs and persons similarly situated were likely to be harmed by the results of such hazardous activities, even if the Defendants used the utmost care to prevent such harm. Such ultra-hazardous activities were a proximate cause and/or producing cause of the Plaintiffs' injuries and damages. Defendants owed a degree of protection to the public proportionate to and commensurate with the dangers involved in the mining, milling, storage, disposal, and transportation of radioactive materials. Such duty and obligation was non-delegable.

31. At all times mentioned in this Complaint, Defendants were in possession of superior knowledge concerning the extent to which Plaintiffs and decedents were being exposed to radiation. Defendants had actual knowledge at all material times herein that Plaintiffs and others similarly situated were being so exposed and of the harmful effects of such exposure upon Plaintiffs, decedents and others similarly situated. Defendants failed and refused to make disclosure of such facts to Plaintiffs, decedents and others similarly situated and Defendants affirmatively and with intent to mislead Plaintiffs, decedents and others similarly situated, misrepresented the extent of such radiation exposure and the effects of such radiation exposure by disseminating false and misleading information concerning both of said subjects as a proximate result of which plaintiffs and decedents were affirmatively misled into believing that they were not receiving any radiation exposure, or alternatively, not as much radiation exposure as

14

they were actually receiving and were misled into believing that any such exposure was not detrimental to their health.

32.    As a result of the injurious acts of the Defendant, Plaintiffs or their relations suffer from life-threatening cancers or cancer-related illnesses or in some cases have died as a result of cancer.  Their life-threatening or fatal cancers or cancer-related illnesses are more specifically set forth below:

      a.     ALBERTO DIAZ – Renal Cell Carcinoma (Kidney cancer)

      b.     HERMINIA GONZALES, Representative of the Estate of Fred Gonzales, Deceased, Liver cancer

      c.     BLAS LONGORIA,  Representative of the Estate of Ester Longoria, deceased – Uterian cancer

      d.     GRACE M. JASSO, Representative of the Estate of Roel Jose Jasso, Deceased – Leukemia

      e.     SIXTUS J. MIKA, Deceased – Pancreatic cancer

      f.     FELIPE CRUZ – thyroid cancer

For the Plaintiff's families of Plaintiffs who were cancer victims now deceased, their claims are asserted by an heir or personal representative as a survival action brought under TEX. CIV. PRAC. & REM. CODE ANN. §71.021.  The heirs and personal representatives assert, in the case of each respective decedent, that they represent that either, there is no will, no pending administration and no necessity for an administration, or, in the alternative, that they are the personal representatives of the estates of their respective decedents.

15

33.    As a result of the injurious acts of the Defendant, Plaintiffs below assert wrongful death and/or consortium causes of action:

a.    MARY FRANCES MIKA

b.    ALLAN J. MIKA

c.    DEBORAH MIKA

d.    ANNETTE JANE MIKA

e.    CYNTHIA A. MIKA

f.    SHARON MIKA GRIFFITH

g.    LAURA A. MIKA

h.    SINDA MIKA NEWBY

i.    HERMINIA GONZALES

j.    ERIK GONZALES

k.    LIZ LILLIAN GONZALES PAMPA

l.    EARL GONZALES

m.    FRED GONZALES, III

n.    SUANN YAHNATHAN GONZALES

o.    BLAS LONGORIA

p.    GEORGE LONGORIA

q.    GRACE M. JASSO

r.    GRACE M. JASSO as next friend of her minor daughter,

CASTABELA M. JASSO

16

## GROSS NEGLIGENCE

34.    As a result of Defendants' grossly negligent conduct as outlined herein above, Plaintiffs seek punitive and/or exemplary damages.

## GENERAL AGENCY ALLEGATIONS

35.    Whenever in this Complaint it is alleged that a corporate Defendant did any act or omission it is meant that Defendants' officers, agents, servants, employees, joint venturers, partners, joint enterprisers and/or representatives did such act or omission, and that at the time such act or omission was done, it was done with the full authorization and/or ratification of that Defendant, and was done in the normal and routine course and scope of the employment of Defendants' officers, agents, servants, employees, joint venturers, partners, joint enterprisers or representatives.

## NEGLIGENCE *PER SE*

36.    Plaintiffs would further show that Defendants have violated certain laws, statutes, rules, regulations and public policies of the State of Texas and the United States government regarding heavy metals, hazardous chemicals and hazardous waste, as well as uranium mining, milling and reclamation activities, including but not limited to provisions of the following:

  a.    40 C.F.R. 190, *et seq;*

  b.    Provisions of the Texas Administrative Code pertaining to uranium mining, milling, transportation, monitoring and disposal, including but not limited to the following sections: 289.202(n), 289.202(n)(1)(A), (o), (aa),

17

(ee), *et seq;* (ff), (ll), (mm), (nn), (rr), (ss), (ww), (yy), (aaa)(2), (ddd), and (eee);

c.        Provisions of 10 C.F.R. 20.1301; 10C.F.R. 20.1302, 10 C.F.R. 20.1402; 10 C.F.R. 20.1501; 10 C. F.R. 20.1701; 10 C.F.R. 1902; 10 C.F.R. 1904; 10 C.F.R. 1101(d); 10 C.F.R. 20.2001, *et seq.;* 10 C.F.R. 20.2202; 10 C.F.R. 20.2203; 10 C.F.R. 2105; 10 C.F.R. 2106; 10 C.F.R.2107, and 10 C.F.R. 2108;

d.        Texas Clean Air Act (382.001 *et seq.* V.A.C.S.), the Federal Clean Air Act (42 U.S.C. 7401 *et seq.,* the National Emission Standards for Hazardous Air Pollutants, and the rules and regulations promulgated under each of the above;

e.        Comprehensive Environmental Response, Compensation and Liability Act (42 U.S.C. 9603), the Emergency Planning and Community Right to Know Act (42 U.S.C. 1405(a), and the rules and regulations promulgated under each of the above;

f.        Resource Conservation and Recovery Act (42 U.S.C. 6901-6991) and the rules and regulations promulgated under this statute;

g.        Federal Clean Water Act (33 U.S.C. 1319) the National Pollution Discharge Eliminations System (NPDES),

18

the Texas Clean Water Act (26.001 *et seq* V.A.C.S.), and the rules and regulations promulgated under each of the above;

h.    The substantive rules regarding uranium mining of the Railroad Commission of Texas 11.71 *et seq;*

i.    The Texas Uranium surface Mining and Reclamation Act, Texas Natural Resources Code, Chapter 131 *et seq* and amendments;

j.    The Uranium Mill Tailings Radiation Control Act of 1978, and the Uranium Mill Tailings Remedial Action Amendments Act of 1988.

Such violations constitute negligence per se, and such negligence per se was a proximate and/or producing cause of Plaintiffs' injuries and damages.

## LIABILITY OF RHODIA RARE EARTHS, INC.

37.    Rhodia Electronics and Catalysis, Inc. f/k/a Rhodia Rare Earths, Inc. is allegedly the successor in interest to certain assets and liabilities of Rhone-Poulenc, Inc.

## ANY APPLICABLE STATUTE OF LIMITATIONS HAVE BEEN TOLLED

38.    Plaintiffs would show that any applicable statute of limitations have been tolled by Defendants' acts of fraudulent concealment, as described above.  These include, but are not limited to:

a.    Failing to disclose, and in fact suppressing information concerning the injurious nature of their activities; and

b.    publicly stating that the quantities of radioactive materials and other contaminants were not sufficient to pose potential health risks to residents.

19

39.    Further, Plaintiffs would show that they filed suit as soon as they reasonably knew or should have known based upon a reasonably diligent inquiry, that their diseases were caused by the wrongful acts of the Defendants.

40.    With regard to any allegations Defendants may make as to statute of limitations, Plaintiffs plead equitable estoppel.  Plaintiffs would show that the Defendants have contended that their activities were not harmful and injurious and Plaintiffs would show that Defendants are now estopped from contending that Plaintiffs knew or should have known that the Defendants' activities were in fact harmful or injurious.

## DAMAGES

41.    Upon trial of this cause, it will be shown that Plaintiffs were caused to sustain permanent injuries and damages as a proximate result of the Defendants' wrongful acts as described above.  Plaintiffs therefore respectfully request this Honorable Court and Jury to determine the amount of the loss Plaintiffs have incurred in the past and will continue to incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.  There are certain elements of damages, provided by law, that Plaintiffs are entitled to have the jury in this case separately consider, to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiffs for their injuries and damages and losses incurred and to be incurred.  Prior to the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate the Plaintiffs for each element are as follows:

    a.  The physical pain that Plaintiffs and/or decedents have suffered up to the time of trial;

20

b. The mental anguish that Plaintiffs and/or decedents have suffered up to the time of trial;

c. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiffs and/or decedents up to the time of trial;

d. The loss of any earnings sustained by Plaintiffs and/or decedents up to the time of trial;

e. The physical incapacity and disability suffered by the Plaintiffs and/or decedents and the resulting inability to do those tasks and services that the Plaintiffs and/or decedents ordinarily would have been able to perform.

Because of all of the above and foregoing, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of the Court, for which sum they now bring suit.

42. From the time of trial of this case, the elements of damages to be separately considered, which Plaintiffs will sustain in the future beyond the trial are such the following elements may be shown by a preponderance of the evidence upon trial of this cause.

a. The physical pain that Plaintiffs will suffer in the future beyond the time of trial;

b. The mental anguish that Plaintiffs will suffer in the future beyond the time of trial;

c. The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiffs injuries in the future beyond the time of trial;

d. The loss or reduction in Plaintiffs' earning capacity in the future caused by the injuries sustained as a result of the injuries and damages in question; and

e. The damages resulting from the physical impairment that Plaintiffs will continue to suffer in the future beyond the time of trial and the

21

resulting inability to do those tasks and services that Plaintiffs ordinarily would have been able to perform in the future beyond the time of trial.

43.    To the extent that certain Plaintiffs were cancer victims but are now deceased, their representatives seek all damages available pursuant to a survival cause of action, codified at TEX. CIV. PRAC. & REM. CODE ANN. §71.021 (Vernon 1997) as follows:

    a.    pain and mental anguish experienced by the decedent before his/her death as a result of the occurrence in question;

    b.    the reasonable and necessary expense of the necessary medical and hospital are received by the decent for illnesses/injuries sustained by him/her as a result of the occurrence in question;

    c.    the reasonable amount of expenses for funeral and burial for the decedent reasonably suited to his/her station in life.

44.    To the extent that Plaintiffs are claiming derivatively through persons who have died, these Plaintiffs seek all damages available pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §71.001-.012 (Vernon 1997 and Supp. 2000) as follows:

    a.    the pecuniary loss for the loss of the care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value that the wrongful death claimant would have received had their decedent lived;

    b.    the loss of companionship and society for the loss of the positive benefits flowing from the love, comfort, companionship and society that the wrongful death claimant would have received had their decedent lived;

    c.    the mental anguish, including emotional pain, torment and suffering experienced by the wrongful death claimant because of the death of their decedent; and

    d.    the loss of inheritance for the present value of assets of their decedent, in reasonable probability, would have added to the estate and left at natural death to the wrongful death claimant.

22

Because of all of the above and foregoing, these Plaintiffs been damaged and will be damaged in an amount in excess of the minimum jurisdictional limits of the Court for which sum they now bring suit.

## *RES IPSA LOQUITUR*

45.    Defendants are liable pursuant to the Doctrine of *Res Ipsa Loquitur,* because of the instrumentalities described above were within the exclusive control of the respective Defendants and Plaintiffs are in no way contributorily negligent.

## CONDITIONS PRECEDENT

46.    All conditions precedent to recovery have been performed.

47.    Plaintiff would show that pursuant to Texas Civil Practice & Remedies Code, Chapter 41, Plaintiffs are entitled to the recovery of exemplary damages from Defendants because the harm with respect to which Plaintiffs seek recovery results from:

    a.    Malice on the part of the Defendants;

    b.    Willful acts or omissions or gross negligence with regard to those actions that are brought as wrongful actions;

    c.    And other actions in violation of the codes, provisions, rules, regulations and statutes described herein.

48.    Plaintiffs therefore request exemplary damages be awarded in an amount in excess of the minimal jurisdictional limits of this Court.

## PRE-JUDGMENT INTEREST

49.    Plaintiffs further pray for pre-judgment interest as provided by law.

## JOINT AND SEVARAL LIABILITY

50.    The Defendants are jointly and severally liable.

23

## PLAINTIFFS' DEMAND FOR JURY TRIAL

51.    Plaintiffs their rights under the Seventh Amendment of the United States Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

**WHEREFORE, PRESMISES CONSIDERED,** Plaintiffs request that Defendants be cited to appear and answer, and that upon final trial, Plaintiffs have the following:

1.    Judgment against Defendants for a sum within the jurisdictional limits of the Court;

2.    Prejudgment interest as provided by law;

3.    Awards of actual and exemplary damages against Defendants in a sum determined by the trier of fact;

4.    Post-judgment interest as provided by law;

5.    Cost of suit; and

6.    Such other and further relief, both special and general, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully Submitted,

HARRY C. ARTHUR
FEDERAL COURT #: 2286
SBN: 01364000
1305 Prairie, Suite 200
Houston, Texas 77002
(713) 224-7996
(713) 237-9217 Fax

ATTORNEY FOR PLAINTIFFS,

24